```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
(RC) 2 PHARMA CONNECT, LLC,                                        :
                                                                   :
                          Plaintiff,                               :
                                                                   :
        -v-                                                        :
                                                                   :
MISSION PHARMACAL COMPANY,                                         :
                                                                   :
                          Defendant.                               :
                                                                   :
-------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/28/2022
```

21-cv-11096 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff (RC) 2 Pharma Connect, LLC ("Plaintiff") moves to file certain documents under seal. Dkt No. 61. The motion is denied in part and taken under consideration in part.

There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). To determine whether a document should be permitted to be filed under seal, the court engages in a three part test: (1) it determines whether the filing should be "classified as a 'judicial document,'" *i.e.*, whether it is "'relevant to the performance of the judicial function and useful in the judicial process'"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of th[e] presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'" *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (citations omitted) (first quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); and then quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

There can be no question that the documents at issue are "judicial documents." They are explicitly relied upon in connection with Plaintiff's order to show cause why a preliminary injunction should not issue. *See id.* at 88. In addition, because the documents are submitted in connection with an adjudication that would determine the litigants' substantive rights, the presumption is "at its zenith," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), and the "strongest" presumption of public access exists, *Olson*, 29 F.4th at 89. The documents thus "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121 (internal quotation marks omitted) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

The Court turns to whether there are competing considerations, including whether sealing is necessary to protect the privacy interests of the parties or whether the information is competitively sensitive. As Exhibits A–B and D–E, Plaintiffs argue that those documents may have information confidential to Defendant Mission Pharmacal Company ("Defendant"), but Defendant does not contend that the information is confidential and does not oppose public filing. Dkt. No. 65. The motion to file Exhibits A–B and D–E thus is denied.

With respect to Exhibit C, Plaintiff contends it contains information related to the ongoing testing processes that are the subject of the action and that this information is confidential. Defendant contends—correctly—that Plaintiff has not properly supported its application. Plaintiff asserts that "the conduct alleged in this action is governed, at least in part, by a Confidentiality Agreement." Dkt. No. 61 at 2. However, even assuming that is the case, "[t]he mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis to overcome the presumption in favor of public access to judicial documents." *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11,

2015).  In addition, Exhibit C contains information that plainly is not confidential such as the dates, times, and locations of meetings, as well as the subject of those meetings and the attendees at the meetings.  Plaintiff has leave to submit a reply with a redacted Exhibit C setting forth with specificity the basis for any redactions.

Finally, Plaintiff seeks to file under seal Exhibits 1–6 to the Declaration of Benjamin E. Weed.  The exhibits consist of letters and emails in which the parties stake out their competing positions in the case and in which Plaintiff requests information from Defendant.  The documents are not labeled confidential.  The fact that Plaintiff claims that Defendant has not engaged in the activities that Plaintiff contends are required under the Proposal Agreement between the parties and that such alleged failures threaten irreparable harm to Plaintiff is not private.  It is the basis for numerous public filings by Plaintiff.  Nor is it confidential that, as a result, Plaintiff is consulting with third-party consultants and has requested documents in connection with those consultations.  *See* Dkt. No. 60 (disclosing those facts).  Plaintiff has not made any showing that the identity of the third party or the types of documents requested is confidential.  Accordingly, the motion to file under seal Exhibits 1–6 is denied.

The Court is aware that there is pending another motion to seal at Dkt. No. 26.  The parties may file letter briefs on or before May 2, 2022, addressing how the Court should apply this ruling to the documents at issue in that motion.  In addition, Plaintiff shall submit any reply in connection with Exhibit C by May 2, 2022.


SO ORDERED.

Dated: April 28, 2022
      New York, New York                              LEWIS J. LIMAN
                                                            United States District Judge