```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
(RC) 2 PHARMA CONNECT, LLC,                                      :
                                                                 :
                                    Plaintiff,                   :
                                                                 :
                    -v-                                          :
                                                                 :
MISSION PHARMACAL COMPANY,                                       :
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/4/2023

21-cv-11096 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On September 14, 2022, this Court granted Defendant's motion for sanctions based on Plaintiff's filing of and refusal to withdraw its amended complaint. Dkt. No. 101. The Court found that an award of attorneys' fees and costs incurred by the Defendant in defending against the amended complaint was appropriate, although deferred deciding the amount of those fees and costs until Defendant provided the Court with supporting documentation. *Id.* at 16–17.

Defendant has now provided the Court with such documentation and requests $139,608 in attorneys' fees and $1,090.45 in expenses. Dkt. No. 102-1 at ECF pp. 39–40. Plaintiff opposes the request in part. Dkt. No. 102. For the reasons discussed below, the Court grants the request in part and denies it in part. Defendant is awarded $43,406.25 in attorneys' fees and $1,090.46 in expenses and costs.

## BACKGROUND

Familiarity with the Court's prior opinion and order granting in part and denying in part Defendant's motion for sanctions is assumed. Dkt. No. 101. The Court states only those facts necessary to resolve the instant motion for attorneys' fees and costs.

On December 28, 2021, Plaintiff filed a complaint initiating this action. Dkt. Nos. 1, 71. The complaint alleged that Defendant had violated a nondisclosure agreement ("NDA") entered into between the two parties and had either breached or clearly and unequivocally expressed its intent to breach its obligations under a separate agreement between the parties. Dkt. Nos. 1, 71. After receiving the complaint, Defendant's counsel reached out to Plaintiff's counsel by telephone that same day. Dkt. No. 20-2 ¶ 3. During that call and through subsequent communications via counsel, Defendant confirmed that it had complied with and intended to continue to comply with its obligations under the agreements. Dkt. No. 8-6; Dkt. No. 20-2 ¶¶ 3, 6.

Despite such assurances, on the night of December 29, 2021, Plaintiff filed an amended complaint ("Amended Complaint"). Dkt. No. 8. The Amended Complaint made only slight changes to the original complaint; however, it added a third count for anticipatory breach of contract. *Id.* Plaintiff also filed an emergency application for a temporary restraining order on December 30, 2021. Dkt. No. 9. That same morning, counsel for Defendant spoke by telephone with counsel for Plaintiff and asked why the motion had been filed despite Defendant's written assurances. Dkt. No. 20-2 ¶ 11. Defendant's counsel offered to provide a sworn affidavit from Defendant confirming that it was performing its obligations under the parties' agreement. *Id.* ¶ 12. Plaintiff's counsel refused to withdraw its application for injunctive relief, *id.* ¶ 18, and Defendant was forced to file its opposition, including with the declaration from Defendant confirming that it planned to comply with its obligations in the parties' agreement, Dkt. Nos. 20, 20-2. On January 3, 2021, Plaintiff agreed to withdraw its emergency motion.

On February 18, 2022, Defendant filed its motion to dismiss the Amended Complaint and an accompanying memorandum of law. Dkt. Nos. 34–35. On February 25, 2022, Defendant

also brought a motion for sanctions. Dkt. Nos. 36–37. Plaintiff filed memoranda of law in opposition to both motions on March 11, 2022. Dkt. Nos. 42–43. On March 25, 2022, Defendant filed reply memoranda of law in support of both motions. Dkt. Nos. 47–48. At argument on the motion to dismiss, Plaintiff stated that it was not pursuing its anticipatory breach claim. Dkt. No. 92 at 21:6–10. On July 5, 2022, the Court granted the motion to dismiss. Dkt. No. 87. In doing so, it concluded that Plaintiff's allegations of a breach of the NDA were based on speculation, *id.* at 16, and that the Amended Complaint did not allege that Defendant had failed to perform any stability testing it had an obligation to perform, *id.* at 18. The Court also dismissed the anticipatory breach claim as abandoned. *Id.* at 23.

On September 14, 2022, the Court granted in part and denied in part Defendant's motion for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power. Dkt. No. 101. The Court found that Defendant's request for Rule 11 sanctions was well-founded as, among other things, Plaintiff filed the Amended Complaint without any basis for the claim regarding the breach of the NDA and despite the fact that it knew that Defendant was complying with its contractual obligations. *Id.* at 8–10. The Court, however, denied the request for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power. *Id.* at 13–15.

In finding that Rule 11 sanctions were warranted, the Court also found that an award of attorneys' fees and costs incurred by Defendant in defending against the Amended Complaint was necessary to reimburse the Defendant and to provide effective deterrence. *Id.* at 16. The Court therefore directed Defendant to file records documenting the attorneys' fees and costs it had incurred in defending itself against the Amended Complaint and gave Plaintiff one week to respond to the request. *Id.* It then noted: "[T]he Court thereafter will determine the exact

amount of attorneys' fees and costs to award for Plaintiff's Rule 11 violation." *Id.* at 17.

On September 28, 2022, Defendant filed a letter to the Court with attached documentation evidencing the attorneys' fees and costs it claimed to have incurred in defending itself against the Amended Complaint. Dkt. No. 102. On October 5, 2022, Plaintiff filed its response. Dkt. No. 103.

## DISCUSSION

Defendant requests $139,608.00 in attorneys' fees and $1,090.46 in costs. Dkt. No. 102. In response, Plaintiff argues that Defendant's requested fees should be substantially reduced. Dkt. No. 103. In particular, Plaintiff argues that Defendant should not be awarded its attorneys' fees incurred in bringing its motion for sanctions. *Id.* at 5–15. Plaintiff also argues that the attorneys' fee award should be reduced because of vague time entries. *Id.* at 15–18.

For Rule 11 violations, courts may impose a sanction against the offending party including "an order directing payment . . . of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018).

"The amount of such fees and associated disbursements is calculated under the 'lodestar' method." *Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream*, 159 F.R.D. 391, 395 (E.D.N.Y. 1995) "That method [] estimates the amount of the fee award by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream*, 159 F.R.D. 391, 396 (E.D.N.Y. 1995); *see*

*Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Court also considers the *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Casmento v. Volmar Constr., Inc.*, 2022 WL 17666390, at *3 (S.D.N.Y. Dec. 14, 2022) (citation omitted). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *Id.* (quoting *C.D. v. Minisink Valley Cent. Sch. Dist.*, 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018)).

"That being said, '[d]etermination of the amount of Rule 11 sanctions does not necessarily end with calculation of reasonable attorneys' fees and costs.'" *Offor*, 327 F.R.D. at 35 (quoting *Friedman v. Self Help Cmty. Servs., Inc.*, 2017 WL 663539, at *3 (E.D.N.Y. Feb. 17, 2017)). A Rule 11 award "is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." *On Time Aviation, Inc. v. Bombardier Cap., Inc.*, 354 F. App'x 448, 452 (2d Cir. 2009) (citation omitted). "When imposing fees and costs, a court should exercise its discretion to award only that portion of a party's attorney's fee thought to be reasonable to serve the sanctioning purpose of the Rule." *Offor*, 327 F.R.D. at 35–36 (cleaned up). "In the final analysis, the imposition of sanctions by the Court and the determination of the amount of the sanction is left to the court's discretion." *Kirschner*, 159 F.R.D. at 395.

This Court agrees with Plaintiff that Defendant should not be awarded its attorneys' fees incurred in bringing the motion for sanctions. In its prior Opinion and Order granting sanctions against Plaintiff, the Court concluded only that Defendant was entitled to "attorneys' fees and

5

costs incurred by Defendant in defending against the Amended Complaint." Dkt. No. 101. The Court did not also conclude that Defendant was entitled to attorneys' fees and costs incurred in bringing its motion for sanctions—nor did Defendant request such additional fees and costs in its memorandum of law in support of its motion for sanctions. Dkt. No. 37 at 14 (requesting that Court "award Mission its attorney's fees and costs incurred in defending against the Amended Complaint"); *cf. Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("By contrast, when awarded as Rule 11 sanctions, attorney's fees ordinarily will not include compensation for the entire case, but only for expenses generated by the Rule violation itself."); *Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 151 (D.N.J. 1989), *aff'd*, 898 F.2d 839 (1st Cir. 1990) ("Attorney's fees, when awarded as Rule 11 sanctions, ordinarily include only compensation for expenses generated by the Rule violation itself."). In addition, the award of attorneys' fees incurred in bringing the motion for sanctions on top of those incurred in defending against the Amended Complaint would be too severe based on the facts at hand. *See Schottenstein v. Schottenstein*, 2005 WL 912017, at *2 (S.D.N.Y. Apr. 18, 2005) ("[B]ecause the purpose of imposing Rule 11 sanctions is deterrence, a court should impose the least severe sanctions necessary to achieve the goal."). As this Court noted in its prior Opinion and Order, "Although the record reflects that counsel's allegations were not made after a reasonable investigation and are not supported by evidence, the evidence does not rise to the level that convinces the Court that the Amended Complaint was brought in bad faith or was motivated by an improper purpose." Dkt. No. 101 at 15. The Court thus declines to award Defendant the $30,075 in attorneys' fees incurred in bringing the motion for sanctions. *See Unanue Casal*, 132 F.R.D. at 152 ("Therefore, the Court declines to award the moving parties attorney fees for the expense of bringing the instant motion for sanctions."). The Court also reduces by 50% the amount of

6

attorneys' fees attributable to time entries which request an award for work done both to prepare the motion to dismiss and the motion for sanctions (resulting in an additional reduction of $25,505.25 in attorneys' fees). *See* Dkt. No. 103 at 11–15.

With respect to the remaining attorneys' fees and costs, the Court starts with the lodestar method. Defendant seeks attorneys' fees for the following individuals who worked on the matter with the following hourly rates: (1) John A. Tucker, Lead Partner, with a rate of $600 to $660 per hour; (2) Jonathan H. Friedman, Partner and Local Counsel, with a rate of $770 to $845 per hour; (3) John Fox, an associate with a rate of $320 to $355 per hour; and (4) two paralegals with rates of $235 per hour. Dkt. No. 102-1. Based on a review of their biographical information, both partners have significant experience in complex general business litigation.

Having considered the "*Johnson* factors supplemented by its own knowledge of the relevant market," *Casmento*, 2022 WL 17666390, at *4, this Court finds that these hourly rates exceed the rates generally awarded in this District. Mr. Fox appears to have graduated from law school in 2019 and thus has at most three to four years of experience. Courts in this District have generally found that an hourly rate of around $250 is appropriate for midlevel to junior associates such as Mr. Fox. *See, e.g.*, *Winklevoss Cap. Fund, LLC v. Shrem*, 360 F. Supp. 3d 251, 257 (S.D.N.Y. 2019) (awarding $265 to associate); *Dimopoulou v. First Unum Life Ins. Co.*, 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017) ("In this district, the range of awarded rates for associates with approximately five years of experience has been between $250 and $350."). Accordingly, the Court finds a reduction in Mr. Fox's rate to $250 per hour is appropriate. As for the two partners, Mr. Tucker and Mr. Friedman, their time should be billed at no more than $500 per hour and $550 per hour, respectively. *See Shrem*, 360 F. Supp. 3d at 257 (noting that fee of $580 for partner was "clearly within the bounds of what has been approved by courts in

this district"); *H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, 2018 WL 4017698, at *6 (S.D.N.Y. July 25, 2018), *report and recommendation adopted sub nom. H.B. Auto. Grp., Inc. v. Kia Motors Am.*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018) (collecting cases for proposition that partners at national law firms typically are awarded rates between $500 to $700).  As for the paralegal hourly rates, the requested rates are significantly above those usually approved by courts in this District.  This Court has previously found that hourly rates for paralegals of $100 per hour is consistent with rates approved in this District and is reasonable.  *See, e.g.*, *Casmento*, 2022 WL 17666390, at *4; *S.H. v. New York City Dep't of Educ.*, 2022 WL 254070, at *6 (S.D.N.Y. Jan. 26, 2022).  "A reduction in the paralegals' hourly rate is also warranted because Plaintiffs did not provide 'the qualifications of the paralegals' who worked on this motion." *1979 Fam. Tr. Licensor, LLC v. Darji*, 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020) (citation omitted).  This Court thus reduces their hourly rates to $100.

Turning to the hours billed on the matter, although these hours are for the most part reasonable, certain of the requested entries request an award for excessive or unnecessary work.  For example, the lead partner on the matter spent .6 of an hour merely responding to emails regarding the change in the oral argument date.  Dkt. No. 102-1 at ECF p. 38.  Another entry notes that Mr. Friedman gave "[a]ttention to [the] [a]nswer," even though Defendant moved to dismiss the complaint and thus had no need to prepare an answer.  *Id.* at ECF p. 35.  The amount of time spent by the two partners on the briefing in support of the motion to dismiss also appears to be excessive.  Certain of the paralegal time also was excessive.  To account for this overbilling, the Court reduces the remaining hours by 25%.  *See Shrem*, 360 F. Supp. 3d at 257 ("[C]ourts have endorsed percentage cuts as a practical means of trimming fat from a fee application.").  With these various reductions taken into account, Defendant is awarded

$43,406.25 in attorneys' fees.

Defendant also requests $1,090.46 in expenses for travel and lodging for Mr. Tucker to attend oral argument on the motion to dismiss and for a copy of the hearing transcript. Dkt. No. 102-1. Mr. Tucker is based in Florida and therefore had to travel into New York to attend oral argument; Florida is also not within such a short distance of New York that lodging was unnecessary. *Cf. M.H. v. N.Y.C. Dep't of Ed.*, 2021 WL 4804031, at *28 (S.D.N.Y. Oct. 13, 2021). Accordingly, these fees are reasonable, and this Court grants the request in full. *See Penberg v. HealthBridge Mgmt.*, 2011 WL 1100103, at *16–17 (E.D.N.Y. Mar. 22, 2011) (noting that costs may include travel and transcript costs).

Finally, Plaintiff appears to ask this Court to reconsider its prior order awarding sanctions of reasonable attorneys' fees and costs to Defendant. Dkt. No. 103 at 3. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Banyan, v. Sikorski*, 2021 WL 2156226, at *1 (S.D.N.Y. May 27, 2021) (quoting *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Id.* (quoting *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015)). Plaintiff neither points to a decision or piece of data that the Court overlooked. Instead, Plaintiff, in asking the Court to reconsider its award of sanctions, merely directs the Court to the "arguments in its Opposition to Defendant's Motion for Sanctions." Dkt. No. 103 at 2–3. The Court thus denies this request.

9

## CONCLUSION

Defendant's motion for attorneys' fees and costs is thus GRANTED IN PART AND DENIED IN PART. This Court awards Defendant $43,406.25 in attorneys' fees and $1,090.46 in expenses and costs.

SO ORDERED.

Dated: January 4, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge